IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICARDO QUINTELA,**

        **Petitioner,**

vs.                                                                    **No. CIV 02-0409 WJ/LCS**

**JOE R. WILLIAMS, Warden,**

        **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      **THIS MATTER** comes before the Court upon Respondent's Motion to Dismiss (Doc. 10), filed June 21, 2002. Petitioner filed two Responses, (Docs. 12 and 13), and a Motion for an Order Denying the Motion to Dismiss. (Doc. 14.) The Court has considered Respondent's Motion and Answer, Petitioner's Responses and Motion, the record herein, and the relevant law. For the reasons stated, I propose finding that Respondent's Motion to Dismiss is well-taken and I recommend that it be **GRANTED**. I further propose finding that Petitioner's Motion for an Order Denying the Motion to Dismiss should be denied..

## PROPOSED FINDINGS

      1.     Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the Judgment, Sentence and Commitment of the Third Judicial District Court for the County of Doña Ana, State of New Mexico, dated September 12, 2000. (Answer Ex. A.) After a jury convicted him of non-residential burglary, larceny and possession of drug paraphernalia, Petitioner was sentenced by the Honorable Stephen Bridgeforth, District Judge, to five and a half years incarceration to be followed by one year on parole. (Answer Ex. A.)

      2.     Petitioner filed a Motion for a New Trial, arguing that a juror who hesitated when she

was polled later approached defense counsel and informed him that she did not agree with the verdict. (Answer Ex. B.) Judge Bridgeforth denied the Motion for a New Trial after a hearing where the juror was not permitted to testify. (Answer Ex. D.)

3. Petitioner filed a direct appeal, arguing that the trial court erred when it denied Petitioner's motion to quash glass evidence that proved to be scientifically unhelpful and the trial court erred when it failed to grant his Motion for a New Trial based upon the juror's revelation that she disagreed with the verdict. (Answer Exs. C and D.) The New Mexico Court of Appeals affirmed. (Answer Ex. G.) Petitioner field a petition for a writ of certiorari with the New Mexico Supreme Court. (Answer Ex. H.) The supreme court denied certiorari on May 8, 2001. (Answer Ex. I.)

4. Petitioner filed a Motion to Reopen Case on October 24, 2001, asserting that exculpatory evidence was withheld, incorrect evidence was admitted, and that his trial counsel was ineffective. (Answer Ex. K.) Judge Bridgeforth denied the Motion to Reopen on February 20, 2002. (Answer Ex. K.) Petitioner did not seek appellate review of the denial of his Motion to Reopen.

5. Petitioner raises the following claims in his § 2254 petition:

    I. Store's surveillance tape will exonerate Petitioner;

    II. Verdict was not unanimous and should be set aside; and

    III. Contrived photo presented to jury at trial.

6. Respondent argues that Claims I and II are procedurally defaulted because Petitioner failed to file a direct appeal or a petition for a writ of certiorari following the denial of his Motion to Reopen. A federal court may not consider issues raised in a § 2254 petition that were defaulted in state court on an independent and adequate procedural ground, unless the petitioner can demonstrate cause and attendant prejudice, or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501

U.S. 722, 749-750 (1991); *Thomas v. Gibson*, 218 F. 3d 1213, 1221 (10th Cir. 2000).

      7.      In order to appeal the denial of the Motion to Reopen, Petitioner was required to file a direct appeal within thirty days of the date of the denial.  *See* Rule 12-201(A)(2) NMRA 2002.  Because he failed to file a notice of appeal, under New Mexico law, Petitioner is now precluded from appealing the ruling.  *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994).  The Tenth Circuit has held that the direct appeal requirement constitutes an independent and adequate state law ground for the purposes of procedural default.  *Jackson v. Shanks*, 143 F. 3d 1313, 1318 (10th Cir. 1998).

      8.      Alternatively, if Petitioner's Motion to Reopen were liberally construed as a state habeas corpus petition, Petitioner was required to file a petition for a writ of certiorari within 30 days of the denial.  *See* Rule 12-501(B) NMRA 2002.  Under state law, the thirty-day time limitation is jurisdictional and Petitioner is now precluded from filing a petitioner for a writ of certiorari. *Citizens for Los Alamos, Inc. v. County of Los Alamos*, 104 N.M. 571, 572, 725 P.2d 250, 251 (1986).  Moreover, the thirty-day deadline for filing petitions for certiorari is independent and adequate for purposes of procedural bar.  *Santillanes v. Lemaster*, 12 Fed. Appx. 728, 2001 WL 409272 (10th Cir. 2001).  Petitioner procedurally defaulted the claims raised in his Motion to Reopen by failing to file a direct appeal or seek certiorari review.

      9.      Accordingly, Claims I and III are procedurally barred unless Petitioner can demonstrate unless cause for the procedural default and an attendant prejudice, or that a fundamental miscarriage of justice will occur if the claim is not given federal habeas review.  *Coleman v. Thompson*, 501 at 749-750. Although Petitioner does not allege cause and prejudice in his response to the Motion to Dismiss, he does contend that the store surveillance tape would exonerate him.

3

10. In order to establish factual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 326-327 (1995). Without more specific allegations concerning his claim of factual innocence, I find that the Petitioner fails to meet the above standard for showing factual innocence. Consequently, a fundamental miscarriage of justice would not occur if the Court does not review Claims I and III.

11. Respondent argues that Claim II does not implicate a federal constitutional right. A federal habeas court is not a "super state supreme court." *Bowser v. Boggs*, 20 F. 3d 1060, 1064 (10th Cir. 1994)(*quoting Smith v. McCotter*, 786 F. 2d 697, 700 (5th Cir. 1996)). In conducting habeas corpus review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Fero v. Kerby*, 39 F.3d 1462, 1474 (10th Cir.1994). Because no federal treaty or statue is implicated, the question is whether Claim II sets advances a Constitutional violation.

12. Claim II alleges that the trial court erred in by denying Petitioner's Motion for a New Trial because a juror hesitated during polling and by not allowing the juror to impeach the verdict with testimony that she was pressured into voting for conviction. In his Motion for a New Trial, counsel for Petitioner asserted that during polling of the jury, a juror hesitated several seconds before answering, softly, "yes." (Answer, Ex. H at 9.) Following the polling, outside of the courtroom, this juror told trial counsel that the verdict was not unanimous and that she had been pressured into voting guilty. (*Id.*) The juror further told counsel that she wanted to tell the trial judge that the rendered verdict was not her verdict in the case. (*Id.*) Counsel filed a motion for a new trial and called the juror as a witness, but Judge Bridgeforth would not allow the juror to speak and denied the motion.

4

(*Id*.)  The Court of Appeals affirmed, observing that it is "well-settled that a juror's post-trial statements cannot be used to impeach the verdict" and there was no authority that a juror's hesitation during polling violated any provision law.  The Court of Appeals cited to Rule 11-606(B) NMRA 2001 and *State v. Martin*, 90 N.M. 524, 528, 565 P.2d 1041, 1045 (Ct. App. 1977).

13.     Rule 11-606(B) is materially identical to FED.R.EVID. 606(b). *Compare*  Rule 11-606(B) *with* FED.R.EVID. 606(b).  FED.R.EVID. Rule 606(b) "'is grounded in the common-law rule against admission of jury testimony to impeach a verdict....'" *Robinson v. Gibson*, 35 Fed.Appx. 715, 2002 WL 13158 * 4 (10th Cir. 2002) (*quoting Tanner v. United States*, 483 U.S. 107, 121 (1987)). "The rule has long been 'that the losing party cannot, in order to secure a new trial, use the testimony of jurors to impeach their verdict.'" *Robinson*, 35 Fed.Appx. 715, 2002 WL 13158 * 4 (*quoting McDonald v. Pless*, 238 U.S. 264, 269(1915)).

14.     *Tanner* drew a distinction between "internal" and "external" jury matters. *Tanner,* 483 U.S. at 118.  Internal influences include the behavior of jurors during deliberations, the jurors' ability to hear or comprehend trial testimony and the jurors' ability to understand jury instructions. *Id.*  External influences include threats, bribes and the entry of newspaper articles or other materials not in evidence. *Id.*  External influences may deny the litigants their constitutional right to have cases heard by a fair and impartial jury.  *United States v. Herndon*, 156 F. 3d 629, 636 (6th Cir. 1998).

15.     While external influences brought to bear on a jury may violate the Sixth Amendment right to an impartial jury, Petitioner does not assert herein that the juror would testify as to any extraneous prejudicial information or outside influences.  *See e.g. Gall v. Parker*, 231 F. 3d 265, 333-34 (6th Cir. 2000) (distinguishing internal jury matters from improper extraneous influences).  The juror in this case told counsel that she had been pressured into voting guilty.  The trial court's refusal

to hear such evidence did not implicate any constitutional rights. *United States v. Brito*, 136 F.3d 397, 402, 414 (5th Cir.1998) (holding inadmissible, in federal direct criminal appeal, juror's affidavit asserting, among other things, that other jurors coerced her vote through threats and insults). Because Petitioner makes no allegations of extraneous prejudicial information or outside influence on the jury, I find that Claim II fails to state a claim cognizable under § 2254. Additionally, I find that an allegation that a juror hesitated during polling fails to state a claim cognizable under § 2254.

## RECOMMENDED DISPOSITION

I recommend that Respondent's Motion to Dismiss be **GRANTED** and that the Petition be **DISMISSED**. I also recommend that Petitioner's Motion to Deny Motion to Dismiss be **DENIED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**